# Proskauer>>

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/25/23

May 24, 2023

Hadassa R. Waxman
Member of the Firm

d +1.212.969.3040
f 212.969.2900
HWaxman@proskauer.com
www.proskauer.com

*[Handwritten endorsement:]* Mr. Hill's surrender date is exteded to June 20, 2023. *[signature]*

**MEMO ENDORSED**

*[Handwritten endorsement:]* The Court has amended the jamt. (1) to remove recommendation that Mr. Hill receive alcohol treatment while incarcerated, and (2) to include a recommendation that Hill be designated to Otisville, Fairton, or Fort Dix, to facilitate family visitation.

Via ECF

The Honorable Colleen McMahon, USDJ
Southern District of New York
500 Pearl Street, Room 24A
New York, New York 10007

Re:   United States v. Patrick Hill, 20 Cr. 521 (CM)

Dear Judge McMahon:

Pursuant to Rule 36 of the Federal Rules of Criminal Procedure, we respectfully submit this letter to request that Your Honor amend Mr. Hill's Judgment of Conviction to remove the recommendation that he receive alcohol treatment while incarcerated. As set forth below, we understand that the inclusion of this recommendation – which appears to be a clerical error – is the primary reason that Mr. Hill has not yet been placed in a facility closer to home. In addition, we respectfully request that Your Honor recommend that Mr. Hill be redesignated to Otisville, Fairton, or Fort Dix.

Rule 36 permits Your Honor to "correct[ ] . . . mistakes in judgments [and] orders . . . arising from oversight or omission . . . at any time." Fed.R.Crim.P. 36. When a written judgment deviates from an oral pronouncement, courts have deemed this to be a clerical error that should be corrected. *United States v. Carrillo-Hernandez*, 695 Fed.Appx. 784, 785 (SDTX 2017).

On December 19, 2022, Your Honor sentenced Mr. Hill to a term of 27-months' imprisonment. During the sentencing proceeding, Mr. Hill's previous counsel asked for the Court to consider a "facility that has an RDAP program." Hill Sentencing Tr., 25:13-15. Your Honor declined to accept counsel's oral recommendation, stating that Mr. Hill "is not going to a maximum-security facility, so I think closeness to the family is probably as important as anything else. There will be an alcohol outpatient treatment condition on his *supervised release*" (emphasis added). Hill Sentencing Tr., 25:16-20.

Notwithstanding the Court's oral statements at sentencing, the written Judgment contains a recommendation – which appears to be a clerical error – that Mr. Hill be designated to a "facility where he can receive alcohol abuse treatment."

Mr. Hill's current counsel understands that BOP designated Mr. Hill to FCI McKean in Lewis Run, Pennsylvania – a seven-hour drive from his home in Long Island – because McKean is one of two facilities in the Northeast that has an RDAP program. The Camp at Lewisburg is the

# Proskauer»

May 24, 2023
Page 2

other such facility. Though counsel has been working with BOP for a number of months to re-designate Mr. Hill to a facility closer to his home, such as Otisville, Fairton, or Fort Dix, we have just learned that the recommendation that Mr. Hill receive "alcohol abuse treatment" in prison appears to be the primary obstacle preventing Mr. Hill's redesignation. As Your Honor recognized at sentencing, Mr. Hill is not in need of alcohol treatment while incarcerated, and proximity to family is the most important factor in Mr. Hill's designation. In addition, in a letter dated May 24, 2023, from Mr. Hill's therapist (attached hereto), she confirms that Mr. Hill does not have an alcohol problem, and his mental health struggles will be ameliorated if placed close to family.

Accordingly, we respectfully request that Your Honor correct the clerical error in the Judgment and remove the recommendation that Mr. Hill receive alcohol treatment while incarcerated. We further respectfully request that the Court recommend that Mr. Hill be placed at Otisville, Fairton, or Fort Dix. In the event Your Honor declines to amend the Judgment, we request that the Court suggest that BOP place Mr. Hill at the Camp at Lewisburg, which has an RDAP program.

As we have previously informed Your Honor, Mr. Hill's current designation to McKean will make family visits nearly impossible. Mr. Hill's wife, Emily, is going to run the family business during Mr. Hill's incarceration. Mrs. Hill will be working six days a week, 12 to 14 hours a day. One of the couple's two daughters has severe learning disabilities and spends most of her time outside of school in tutoring and therapy sessions. Mr. Hill's parents are both elderly, and his father suffers from Alzheimer's disease. In light of these challenging family circumstances, the Hill family will not be able to travel to McKean. An amended Judgment will make it more likely that BOP will be able to place Mr. Hill close to home and maintain contact with his family.

Your Honor has previously stated that no more adjournments of surrender will be granted. However, Counsel has just become aware that an amended Judgment is required to redesignate Mr. Hill. Given this new information, we would respectfully request that Your Honor further adjourn the surrender date for a very brief period, so that BOP has enough time to effectuate the redesignation.

# Proskauer»

May 24, 2023
Page 3

We have discussed this request with the government, and they take no position with respect to our request to amend the Judgment. The government opposes a further delay of self-surrender.

We thank Your Honor for her consideration.

Respectfully submitted,


/s/ Hadassa Waxman
Hadassa Waxman, Esq.


cc: Frank Balsamello, AUSA
    Marguerite Colson, AUSA
    Laura de Oliveira, AUSA
    Jun Xiang, AUSA