UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

UNITED STATES OF AMERICA,

-v-

20 CR 521-03 (CM)

PATRICK HILL,

Defendant.
----------------------------------------------------------------x

# DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO REDUCE HIS SENTENCE IN LIGHT OF AMENDMENT 821 TO THE UNITED STATES SENTENCING GUIDELINES

McMahon, J.:

Patrick Hill was sentenced to 27 months in prison for his role in a labor bribery scheme. The Court sentenced Hill at the top of the stipulated guidelines range (21 to 27 Months'), reflecting both the Court's assessment of the seriousness of Hill's criminal conduct (which breached his fiduciary duty to his fellow union members) and the fact that Hill was the second most culpable defendant in this case.

Before the Court is Hill's motion asking the Court to reduce his sentence to time served, or in the alternative, no more than 15 months.' His motion is made pursuant to 18 U.S.C. § 3582(c)(2), in light of the retroactive application of United States Sentencing Guidelines Amendment 821 (an amendment that, *inter alia*, reduced the advisory Guidelines range for offenders with zero criminal history points), which took effect on November 1, 2023.

The Government opposes Hill's motion to the extent he is asking to be resentenced to time served but says that it would "not object if the Court exercises its discretion to reduce the defendant's sentence to 21 months' imprisonment."

<u>Hill is Eligible for a Reduction in Sentence</u>

Part B, Subpart 1 of Amendment 821, creates a new provision, Section 4C1.1, providing for a two-level downward adjustment in offense level for certain offenders who present zero criminal history points and who are not subject to any of the ten exclusionary criteria listed in § 4C1.1. A defendant is eligible for a sentencing reduction if his amended Guidelines range is lower than the range that applied at his original sentencing, and if he did not already receive a sentence lower than the amended range on any ground other than substantial assistance. However, "the court shall not reduce a defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." *See* U.S.S.G. § 1B1.10(b)(2)(A).

When Hill was originally sentenced, his Total Offense Level was 16 and his Criminal History Category was I (reflecting zero criminal history points). This resulted in an advisory sentencing range of 21 to 27 months' imprisonment. Now, with the passage of Amendment 821, Hill's Total Offense Level is 14 (incorporating the two-level reduction for having no criminal history points). Thus, Hill's amended advisory Guidelines range is 15 to 21 months' imprisonment.

Accordingly, Hill is eligible for a reduction in his sentence pursuant to Amendment 821.

<u>18 U.S.C. § 3553(a) Factors</u>

Before releasing a defendant or reducing a defendant's sentence pursuant to § 3582(c)(2), a court must first consider whether the sentencing factors at 18 U.S.C. § 3553(a), counsel for or against the requested relief.

The Court considered <u>all</u> the § 3553(a) factors at the time of sentencing, including defendant's personal characteristics: specifically, his volunteerism as a firefighter and as a member of the National Honor Network, how his family relied on him in all things, and that the family restaurant business might not survive his incarceration. *See* 18 U.S.C. § 3553(a)(1). Unfortunately,

those considerations were outweighed by many of the other factors, including the seriousness of the offense, the need to provide defendant with just punishment, the need to promote respect for the law (particularly, among union officials), and the need to deter criminal conduct (specifically, union corruption). These factors continue to weigh heavily in favor of a significant sentence. *See* 18 U.S.C. § 3553(a)(2) (A-B). As I said in my decision denying Hill's frivolous motion to vacate his sentence on ineffective assistance grounds (a motion filed just weeks into his prison term):

> Patrick Hill was sentenced to a top of the stipulated guidelines range, after considerable thought on the part of this court, because of the court's assessment of the nature and circumstances of his venal, non-fiduciary conduct. It is the court's belief that Hill should serve every bit of his sentence (minus, of course, any good time credits he earns), and it my hope that he will learn from the experience. I am deeply sorry that his family will have to suffer for his behavior. But that's the way it is.

(Doc. No. 514 at 7.).

Reducing defendant's sentence to time-served—even if it were not prohibited under U.S.S.G. § 1B1.10(b)(2)(A)—would be wholly unjustified under 18 U.S.C. § 3553(a). That said, defendant's sentence is reduced to 21 months' imprisonment— the top of the amended Guidelines range. This reflects a proportional reduction in defendant's sentence in acknowledgment of the sentencing commission's decision to treat offenders with zero criminal history points less harsh than offenders with prior criminality. Any greater reduction would undermine the seriousness of the offense, diminish respect for the law, and fail to provide defendant with just punishment. 18 U.S.C. § 3553(a)(2)(A).

This constitutes the decision and order of the court. It is a written decision.

New York, New York
February 1, 2024

Colleen McMahon
United States District Court Judge